W. E. WEDDELL *v.* JERRY SEAL, Admr., et al.

1. CHANCERY — JURISDICTION — WILL NOT RELIEVE WHERE PARTY MIGHT HAVE HAD RELIEF AT LAW BY ASKING IT. — Where an appeal from the judgment of a justice of the peace was dismissed by the circuit court, on the motion of the plaintiff in the judgment: *Held,* that a court of chancery would not relieve the defendant in the judgment from the consequences of the dismissal of his appeal, as the power of the circuit court was ample to have relieved him, and it did not appear that he had invoked it in the matter com plained of.

· 2. CIRCUIT COURT — PRACTICE ON APPEALS FROM JUSTICES. — In case of appeal from a justice's court, the circuit court is possessed of ample power to protect against any apparent irregularity in the appeal, by allowing the justice to amend his return, according to the facts; and where a motion is made to dismiss for an irregularity, which may be relieved against by an amendment, the party interested should apply for leave to have the justice amend his return according to the facts, failing in which, he will not be heard to invoke the aid of chancery.

3. SAME — SAME — AMENDMENTS. — The power to allow amendments in such cases should be liberally exercised.

4. SAME — SAME — IRREGULARITY IN AFFIDAVIT. — The mere omission, in an affidavit for an appeal from the judgment of a justice of the peace, of the date of the affidavit is of minor importance, if in fact the affidavit was made and filed in proper time; and, if the appeal is otherwise proper, the omission of the date of the affidavit does not show it was not made and filed in time. The circuit court would, as a matter of course, permit an amendment at any time, by the justice, so as to show the true date.

APPEAL from the chancery court of Chickasaw county. POLLARD, Chancellor.

The opinion contains a full statement of the facts.

*E. H. Bristow,* for appellant.

By the provisions of our statute (Rev. Code, 409, § 23) a defendant has the right, after judgment has been rendered against him in a justice's court, to have the cause taken to the circuit court and tried again on its merits. It is not

tried by the circuit court on error, but it is in effect granting a new trial in another forum, on certain conditions. The defendant may choose to make no defense at all in the justice's court. He may desire not to disclose his defense in an inferior tribunal, but to reserve it for the higher court, and he may therefore allow judgment to go by default, before the justice, and rely on his right to a new trial in the court which he prefers. This right the law gives to him on his complying with certain conditions. With these conditions the bill shows he has complied as far as in his power. He has therefore been deprived of his right to a new trial in the circuit court, without fault or negligence on his part, through the oversight of the justice in the discharge of his duty. This is a ground of equity jurisdiction. 1 Story's Eq. Jur., §§ 78, 109; 2 ib. 876, 887, note a; Herring v. Winans et al., Smedes & Marsh. Ch. 466; Webster v. Skipwith, 26 Miss. 341. The appellees cannot say that appellant had an adequate remedy at law, and should have made his defense in the justice's court. This might be urged if the appeal from the justice to the circuit court were for the correction of errors in the justice's court, but it being merely a new trial in a higher court, he can, as we have before stated, decline to appear before the justice, and choose to reserve all defenses for the circuit court.

. The second ground of demurrer states that the bill shows no sufficient reason why appellant did not avail himself of the defense at law, when he was impleaded in a court of law. We think the bill shows a very "sufficient reason" why he did not avail himself of the defense at law, not, it is true, in the justice's court, but he had a perfect right to decline making any defense there, without prejudicing his right to make it in the circuit court, but he shows the reason why he did not make the defense in the circuit court, to wit: the failure of the officer in the discharge of his duty, without fault on his own part.

The case is briefly thus: Weddell had a right to have a new trial in the circuit court. This right he has lost. How?

By the oversight of the justice whose duty it was to take the affidavit for appeal. This oversight in the officer has deprived him of his right. Has he any remedy at law? None. The five days limited for appeals was past when the former appeal was dismissed in the circuit court. A *certiorari*, which may be had at any time within one year, is only for the correction of errors. His only remedy, therefore, is in equity. Robb v. Halsey, 11 Smedes & Marsh. 140.

The third ground of demurrer is that the bill seeks for a court of chancery to review and correct the judgment of a court of law.. This is not the fact. The bill does not seek to set aside the judgment of the justice of the peace. That was perfectly correct and legal. Having entered no appearance and made no defense, the justice was bound to render judgment by default. Neither does the bill seek to set aside the judgment of the .circuit court dismissing the appeal. That was also perfectly right. There was a fatal defect in the affidavit which rendered the proceedings for appeal invalid, and the circuit court was bound to notice the defect and dismiss the appeal.

The object of the bill, therefore, is not to set aside or vacate either judgment, but merely to obtain a new trial, to which appellant was entitled, and of which he was deprived by accident, mistake or oversight of the officer, and through no fault of his own.

The fourth ground of demurrer is certainly untrue in point of fact, as will be seen by reference to the bill. It -says plainly, "complainant never executed the due-bill sued on, nor authorized any one else to make or execute the same." These words, in a court of law, when sworn to, would amount to a plea of *non est factum.* The bill, therefore, does show that appellant had a good defense, which he desired to make in the circuit court, but was prevented from making.

As to the fifth ground of demurrer, even if it were good .and well taken, it is clearly the subject of amendment, and

the bill ought not to have been dismissed or the injunction dissolved. It is certainly not such an amendment (in a material point) as would operate to dissolve the injunction.

The sixth ground of demurrer is merely a repetition of the second : What remedy has appellant in the courts of law ? Is it in the justice's court ? Surely not. The case there is at an end, and there is no way of re-instating it. Is it in the circuit court ? No ; the appeal there has been dismissed, and the time has passed for another appeal. Then there is no appeal from the circuit court to the supreme court on the judgment dismissing the appeal. The judgment of the circuit on such appeals is final. Rev. Code, 410, § 25. Even if there were an appeal to the supreme court, it would not constitute any remedy in this case, as there was no error in the judgment of the circuit court.

We desire, again, to call the attention of the court to the fact that, by allowing judgment to go by default in the justice's court, appellant did not preclude himself from making any defense in the circuit court; that the appeal allowed by the statute is merely a new trial in a higher forum, granted, as of course, without regard to the proceedings in the justice's court; that appellant did all that was required of him to get this appeal or new trial, the bill alleging that "all the proceedings touching said appeal, except the affidavit, were regular and in conformity with law," and that he has been deprived of this new trial through the negligence or oversight of the officer in the performance of his duty.

We respectfully submit to the court that if this be not a fit case for the interposition of a court of equity, then we are unable to conceive one.

All the authorities cited by counsel for defendants in the chancery court only went to establish the general principle, which is not here controverted, that where a party fails to make his defense at law, having an opportunity of so doing, equity will not interpose to grant a new trial. But in this

case he had no such opportunity of making his defense at law. Leaving the justice's court out of the question (he having the right to decline making any defense there without prejudicing his right to make it in the circuit court), we see he was prevented from making his defense in the circuit court, and, if this was without any fault or laches of his own, equity will interfere and give him a new trial. But the bill, as confessed by the demurrer, states that it was by the mistake or oversight of the justice of the peace that appellant was prevented from making his defense at law. Therefore, equity must interpose and grant him the right of which, without fault on his part, he has been deprived.

*Harper & McIntosh*, for appellees.

The demurrer to the bill in this case was properly sustained. The appellant, if he had any remedy at all was in a court of law, his only remedy was at law. A judgment was rendered against him in the magistrate's court, and if he had any defense he could have easily availed himself of it before that tribunal. He failed to make any defense, and, when judgment was rendered against him, appealed to the circuit court; that appeal was dismissed by the circuit court, as the bill alleges, for a defect in the affidavit. If the affidavit was defective he could have amended the same in the circuit court, and if that court refused the amendment or gave an improper judgment, his remedy was by appeal to this court. Had the appellant any defense to the action he certainly should have availed himself of it in the justice's court. He failed to do so, and after judgment against him appealed to the circuit court. He insists that the circuit court dismissed his appeal because the affidavit was not dated. Even if the appeal had been so defective as to have been dismissed for that reason, then the appellant would have no remedy in a court of chancery; but if the affidavit was defective only as to date, the circuit court would have permitted the same to be amended in accordance with the

facts, and its refusal so to do would have been corrected by appeal to this court. The demurrer was well taken and the bill properly dismissed by the chancery court.

TARBELL, J. :

The appellant was prosecuted before a magistrate of the county of Chickasaw, by appellees, Jerry Seale and Ann Seale, administrator and administratrix of Jesse Seale, deceased, to recover the amount due on a promissory note, or, as the complaint describes it, a "true bill," purporting to be executed by the appellant. Judgment was rendered by default. An appeal was taken to the circuit court, wherein the same was dismissed. Thereupon the appellant filed his bill of complaint in the chancery court of Chickasaw county against the plaintiff in the judgment, making the sheriff a party, setting forth the judgment, appeal, its dismissal, issuance of execution upon the judgment, and delivery thereof to the sheriff, who was about to enforce the same by levy upon and sale of the property of the defendant therein. No reason is given in the bill why the complainant did not defend the suit before the magistrate. The appeal is stated to have been dismissed "for want of proper affidavit," and "that the only imperfection in said affidavit was the failure of the justice before whom the same was made to insert the date thereof." The bill states "that, in all other things, the said affidavit, * * * was regular and ample;" and that, "all the proceedings had touching said appeal, with the aforesaid exception, were regular and in conformity to law, and, in regard to said omission," the complainant "was not in fault." The bill further avers that the complainant "never executed the true bill aforesaid, nor authorized any one to make or execute the same." The judgment is alleged to be unjust, oppressive and in fraud of the rights of complainant, and contrary to equity and good conscience. Claiming to be without remedy at law, an injunction is prayed for restraining the collection of the amount due on the judgment, and

from doing any act to enforce the same, and for general relief suited to the case. The defendant therein demurred to the bill, stating, for causes of demurrer, that the bill is wanting in equity on its face; that the bill shows that the complainant had a full and adequate remedy at law, and shows no sufficient reason why he did not avail himself of his defense; that the bill seeks for a court of chancery to review and correct the judgment of a court of law; that the bill does not deny that the said sum of money was not justly due; that the bill does not state the residence of defendant therein; and that the bill shows that if there is any remedy for the complainant it is at law, and not in a court of equity. The demurrer was sustained, the injunction dissolved, and the bill dismissed; from which decree the complainant prayed and obtained an appeal to this court, wherein the action of the court aforesaid is assigned for error. Referring to art. 23, Code, 409, it will be seen that "either party may appeal to the circuit court of the county from the judgment of any justice of the peace not rendered on the verdict of a jury: *Provided*, such appeal shall be demanded, and bond given, within five days after the rendition of the judgment, and an affidavit filed that such appeal is not made for delay, but that justice may be done."

By art. 24, "the justice of the peace from whose decision an appeal shall be prayed," shall "transmit to the clerk of such court a certified copy of the record of the proceedings, with all the original papers and process in the case, and the original appeal bond and affidavit given by the appellant," and "the justice shall, at all times, be allowed to amend his return according to the facts, and, if the appeal bond shall be defective, the appellant shall be permitted to give a new bond." * * * The complainant states in his appeal, that his appeal was dismissed simply and solely on the ground that the magistrate failed to insert in the affidavit the date of its execution, in all other respects the appeal being according to law. Art. 24, above quoted,

declares, that "the justice shall, at all times, be allowed to amend his return according to the ·facts." The bill alleges no petition or motion in the circuit court for an order permitting or requiring the justice "to amend his return according to the facts;" nor does it appear that the complainant resisted the motion to dismiss, or in any way sought to have the affidavit amended or corrected, or that he took any steps to perfect his appeal in any mode whatever. In view of the regularity of the appeal in other respects, the failure of the justice to insert the date of making the affidavit was of minor importance. The justice could have inserted the date at any time before returning it to the circuit court, or the latter court would have permitted its insertion as a matter of course, the affidavit having, in fact, been made and filed in proper time, which the return of the justice would show ; or, if it did not, it and the defect in the affidavit could have been amended "according to the facts." The test of the appeal is, that it be demanded and bond given within five days after the judgment, " and an affidavit filed." It must appear that the demand was made, bond executed and affidavit filed, within the period named, but the omission of the date of making the affidavit does not, by any means, show that it was not "filed," or that it was not made within the time required, the appeal being otherwise unobjectionable.

The circuit court, as we have seen, was possessed of ample power to protect the rights of the party, first under article 24, *supra.* and, generally, with a view to the justice of the case, which it has been held, in numerous cases, should be liberally exercised. In the absence of any allegations upon this point we cannot presume the circuit court to have denied an application to amend in a case so clearly within its authority to grant. No complaint is made of the action of the circuit court in this respect. In fact, it is apparently conceded by the bill to have been correct, and, if we understand the complaint correctly, was not resisted, which is rather extraordinary. As we understand the bill, the defense to the suit

before the justice is stated with unusual caution and reserve, thus : "That complainant never executed the true bill aforesaid, nor authorized any one to make or execute the same." It is added : "That the judgment obtained as aforesaid upon the grounds as aforesaid is unjust, oppressive, and in fraud of complainant's rights, and should not in equity and good conscience be enforced." These paragraphs contain the only reference in the bill to the merits of the case. The non-indebtedness of the complainant to the plaintiffs in the judgment is not charged. This case then is this :

1. The complainant made no defense before the magistrate. As he had a right to do, he, perhaps, chose to reserve his case, to be developed on appeal. Nevertheless, he had his day in the magistrate's court, of which, for reasons not disclosed in the record, he purposely omitted to avail himself.

2. The appeal was dismissed, as is represented, for no other reason than that the justice failed to insert in the affidavit the date of its execution. In every other respect the bill says the appeal was perfect. No opposition to the motion to dismiss, nor request to amend, is averred. The law is too plain to suppose the court would have dismissed the appeal, except with the acquiescence or gross neglect of the complainant. No complaint is made of the action of the court. He, therefore, had his day in the circuit court, and again failed to avail himself of his rights, without showing any excuse for this further neglect. A party cannot seek relief in equity for a wrong produced by his own negligence. 23 Miss. 406 ; ib. 407.

*The decree is affirmed.*